IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-03578-RM-NRN

STATE FARM FIRE AND CASUALTY COMPANY,

    Plaintiff,

v.

BRAD LARSEN, individually and as next friend of D.L., a minor,
DEVIN DAVIS, and
CYNTHIA DAVIS,

    Defendants.

---

## ORDER

---

This insurance case is before the Court on the Report and Recommendation on Cross Motions for Summary Judgment by United States Magistrate Judge N. Reid Neureiter. (ECF No. 54.) Once the parties' motions for summary judgment were fully briefed, the magistrate judge held a telephonic hearing and determined Plaintiff's motion (ECF No. 25) should be granted and Defendant Larsen's (ECF No. 27) should be denied. Defendant Larsen has filed objections to the recommendation (ECF No. 56), Plaintiff has filed a response (ECF No. 57), and Defendant Larsen has filed a reply (ECF No. 58). The Court now overrules the objections and accepts the recommendation in its entirety for the reasons below.

**I.    LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it

is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

## II. BACKGROUND

The material facts in this case are not disputed. D.L., a toddler, was seriously injured at the Davis Defendants' home when her uncle's dog bit her in the face. D.L. and her mother were the only people home at the time, but they were not in the same room, as D.L.'s mother was putting something away. The outcome here hinges on the interpretation of an exclusion in the homeowner's insurance policy Plaintiff issued to the Davis Defendants. The parties agree D.L.'s mother was an insured under the policy. Therefore, whether there is coverage under the policy turns on an exclusionary provision that applies if D.L. was "in the care of" her mother when she was bitten.

## III. DISCUSSION

"Under Colorado law, an insurance policy is merely a contract that courts should interpret in line with well-settled principles of contract interpretation." *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020) (citation omitted). Thus, the Court seeks to give the words of the policy their plain and ordinary meaning (in the absence of contrary intent expressed in the policy) and to give effect to all the provisions of the policy so that none will be rendered meaningless. *Id.* Because of the unique nature of insurance contracts and the relationship between the insurer and insured, the Court construes ambiguous provisions in favor of providing coverage to the insured. *Id.* A policy term is ambiguous when it is susceptible to more than one *reasonable* interpretation. *Id.*

Defendant Larsen, D.L.'s father, contends that "a reasonable interpretation of 'in the care of' in this situation could lead one to thinking D.L. was in the care of no one" when she was bitten, and therefore the exclusionary clause containing that phrase—which the policy does not

3

define—does not apply to bar coverage in this case.  But whatever ambiguity can be found in the phrase "in the care of," the Court declines to find that D.L. ceased to be in her mother's care once she stepped out of the room.  That is not a reasonable interpretation of the exclusionary provision or the policy as a whole.  In the context of looking after a toddler, the plain and ordinary meaning of "in the care of" is not analogous to a game of peek-a-boo in which the toddler is in the care of no one the moment her parent's eyes are covered.  Nor does the fact that D.L. was seriously injured indicate that her mother was not protecting or supervising her.  As anyone who has had a modicum of experience with toddlers knows, they can become injured, even seriously, despite the best efforts of those looking out for them.  Should that occur, as it inevitably will from time to time, that does not mean that all supervision and protection was somehow suspended.  The Court finds that under any reasonable interpretation of the phrase at issue, D.L. was clearly "in the care of" her mother when this unfortunate incident occurred.

## IV.    CONCLUSION

Therefore, the Court GRANTS Plaintiff's motion for summary judgment (ECF No. 25) and DENIES Defendant Larsen's motion (ECF No. 27).  The Clerk shall ENTER JUDGMENT in Plaintiff's favor and CLOSE this case.

DATED this 18th day of December, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge